DARIN POOLE,

Plaintiff,

VERSUS

NEW YORK STATE, NEW YORK STATE DIVISION OF PAROLE, PAROLE OFFICER
HUBBARD AND MARAGRET JENNETTE,

Defendants.

_____

**MEMORANDUM AND ORDER**
March 6, 2012
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Darin Poole ("plaintiff" or "Poole") brings this action for relief pursuant to 42 U.S.C. § 1983 ("Section 1983")[1] and for common law defamation against defendants, New York State, the New York State Division of Parole (the "Division of Parole"), Parole Officer Hubbard ("Hubbard") and Maragret Jennette ("Jennette")[2] (collectively the "defendants"), alleging that his rights were violated when Hubbard authorized charges to be filed against plaintiff for violating conditions of his parole. Plaintiff alleges that he was subjected to emotional stress and seeks $750,000.00 in damages from each defendant. Plaintiff also requests that Jennette be given jail time. Defendants New York State, the Division of Parole and Hubbard (the "New York State defendants") have filed a motion to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] For the reasons set

---

[1] Plaintiff does not specifically state that he is bringing his complaint pursuant to Section 1983. Nor does plaintiff identify which constitutional right he believes was infringed. However, the Court construes plaintiff's claim as arising pursuant to Section 1983.

[2] Maragret Jennette's name is spelled differently throughout plaintiff and defendants' submissions. However, the Court will use the spelling provided in

plaintiff's Second Amended Complaint throughout this decision.

[3] Jennette has not appeared in this action and the docket indicates that she was never served with process. However, as discussed *infra*, to the extent plaintiff has attempted to plead a Section 1983 claim

forth below, the New York State defendants' motion to dismiss is granted. The Court dismisses plaintiff's federal claims with prejudice and declines to exercise jurisdiction over plaintiff's state law claims.

I. BACKGROUND

A. Factual History

The following facts are taken from the Second Amended Complaint[4] and are not finding of fact by the Court. Instead, the Court assumes these facts to be true for purposes of deciding the pending motion to dismiss and will construe them in a light most favorable to plaintiff, the non-moving party.

Jennette allegedly filed false reports and charges relating to plaintiff to the Waterbury Police Department and called plaintiff's parole officer, Hubbard. (Second Amended Complaint ("SAC") at 4.) Hubbard did not research Jennette's allegations and subsequently charged plaintiff with false charges. (*Id.*) Hubbard "[s]landered [plaintiff's] name and defamed [plaintiff's] character by releasing confidential information to Maragret Jennette a woman who she never met or seen or interviewed she took falsified information and tried to use it to her advantage without doing any kind of an investigation." (*Id.*)

Plaintiff's Second Amended Complaint does not indicate what reports were made by Jennette and Hubbard. However, the "State of New York – Executive Department – Division of Parole Violation of Release Report" and the "Notice of Violation" provided by the New York State defendants indicate that Poole violated eight separate conditions of his parole. (Affidavit of Lori L. Pack in Support of the Motion to Dismiss dated July 11, 2011 (the "Pack Affidavit"), Ex. 3.) The charges against Poole were as follows: (1) Charge 1: failed to make his office report at 250 Fulton Street, Hempstead, New York, on June 22, 2010 and thereafter; (2) Charge 2: changing his approved residence without immediately notifying his parole officer; (3) Charge 3: putting his hands around Jennette's throat on June 4, 2010, at approximately 8:45 a.m., at Waterbury, Connecticut Metro North Train Station; (4) Charge 4: pushing Jennette on June 4, 2010, at approximately 8 a.m., at Waterbury, Connecticut Metro North Train Station; (5) Charge 5: taking Jennette's cell phone without permission at approximately 6:00 a.m., on June 8, 2010, at 102 Ledgeside Avenue, Waterbury, Connecticut; (6) Charge 6: taking $300 from Jennette without permission at approximately 6:00 a.m., on June 8, 2010, at 102 Ledgeside Avenue, Waterbury, Connecticut; (7) Charge 7: leaving New York State without permission from his parole officer on June 4, 2010; and (8) Charge 8: leaving the state of New York on June 8, 2010, without permission from his parole officer. (*Id.*)

---

against Jennette, the Court *sua sponte* dismisses plaintiff's claim with prejudice. Moreover, because the Court dismisses plaintiff's federal claim, as discussed *infra*, the Court declines to exercise jurisdiction over plaintiff's state law claims.

[4] There are two documents titled "Amended Complaint" filed in this action. The first Amended Complaint only names Jennette and Hubbard as defendants. (Amended Complaint, Mar. 11, 2011, ECF No. 7.) This Amended Complaint states that Poole signed and delivered this Amended Complaint to prison authorities on March 7, 2011 and it was filed with the Clerk's Office in Brooklyn on March 11, 2011 . (*Id.*) The second document titled "Amended Complaint" names all four defendants and the plaintiff alleges that he signed and delivered it on March 11, 2011. (Amended Complaint, Mar. 16, 2011, ECF No. 8.) That Amended Complaint was filed with the Clerk's Office in Central Islip on March 16, 2011. (*Id.*) Accordingly, the "Second Amended Complaint" refers to the Amended Complaint filed on March 16, 2011 against all four defendants.

2

After a warrant was issued and plaintiff was apprehended, he waived his preliminary hearing and a final hearing was held. (*Id*.) At the final hearing plaintiff was found guilty of Charge 1, failing to make his office report at 250 Fulton Street, Hempstead, New York, on June 22 2010 and thereafter, and the remaining seven charges, including those relating to Jennette, were withdrawn. (Pack Affidavit, Ex. 4.) As a result, plaintiff was found to be a persistent violator, his parole was revoked, and he was sentenced to prison until his maximum expiration date of December 23, 2010. (*Id*.) This was plaintiff's third time violating his parole. (*Id*.)

B. Procedural History

On January 26, 2011, plaintiff filed his Complaint in this action and a motion to proceed *in forma pauperis* in the Southern District of New York. On February 23, 2011, the case was transferred to the Eastern District of New York, and assigned to Judge Sandra J. Feuerstein. Plaintiff filed his first Amended Complaint on March 11, 2011 and subsequently filed a Second Amended Complaint on March 16, 2011. The case was reassigned to Judge Joseph F. Bianco on March 30, 2011. By Order dated May 2, 2011, the Court granted plaintiff's motion to proceed *in forma pauperis*.

On June 9, 2011, the New York State defendants filed a letter request for a pre-motion conference. On June 10, 2011, the Court waived the pre-motion conference requirement and set a briefing schedule which required that the New York State defendants' motion be filed by July 15, 2011, plaintiff's response by August 19, 2011, and the New York State defendants' reply by August 31, 2011. The New York State defendants filed their motion to dismiss on July 12, 2011. Plaintiff failed to submit an opposition by August 19, 2011. Plaintiff also failed to appear for the initial conference before Magistrate Judge Kathleen A. Tomlinson on November 8, 2011. Judge Tomlinson then scheduled an Order to Show Cause hearing for December 1, 2011, directing plaintiff to appear and show cause why his case should not be dismissed for failure to prosecute. On December 1, 2011, plaintiff appeared before Judge Tomlinson and indicated that he wished to go forward with his case and oppose the New York State defendants' motion to dismiss. Judge Tomlinson directed plaintiff to file a letter to Judge Bianco by December 8, 2011, requesting permission to file a late opposition. Plaintiff failed to file a letter by December 8, 2011, and by Order dated December 28, 2011, Judge Bianco ordered plaintiff to file a letter explaining why he failed to respond to the motion and warned plaintiff that failure to respond would result in the motion being considered without opposition papers. On January 3, 2012, plaintiff filed a letter indicating that he wished to proceed and that he did not receive a copy of the New York State defendants' motion to dismiss. On January 11, 2012, the Court mailed plaintiff a copy of the pending motion to dismiss and modified the briefing schedule to allow plaintiff to serve a late opposition by February 13, 2012, and for the New York State defendants to reply by February 27, 2012. Plaintiff has failed to file an opposition to the New York State defendants' motion.[5]

---

[5] Although plaintiff failed to file any opposition to the New York State defendants' motion, the Court declines to grant the motion solely on the ground that it is unopposed and, instead, has analyzed the merits of plaintiff's federal claim. For the reasons set forth herein, the Court finds that plaintiff has failed to state a claim against the New York State defendants under Section 1983, and plaintiff's federal claim against the New York State defendants is therefore dismissed with prejudice.

3

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S.Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obligated to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. New York State Unified Ct. Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (citing *Iqbal*, 129 S.Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were

integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04 Civ. 1859 (JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

III. DISCUSSION

The New York State defendants allege that plaintiff's claims must be dismissed against New York State and the Division of Parole because they are entitled to Eleventh Amendment immunity. The New York State defendants also argue that the action should be dismissed against Hubbard because he is entitled to qualified immunity. In the alternative, the New York State defendants argue that plaintiff has failed to adequately plead a claim upon which relief may be granted. For the reasons set forth below, this Court agrees and dismisses plaintiff's federal claims against the New York State defendants with prejudice. The Court also finds that plaintiff has failed to state a federal claim against Jennette and dismisses the federal claim against her *sua sponte*. Moreover, because the Court has dismissed plaintiff's federal claims, it declines to exercise supplemental jurisdiction over plaintiff's state law claims and dismisses plaintiff's state laws claim without prejudice.

A. Eleventh Amendment Immunity

1. Applicable Law

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . ." *State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (quoting *Mohegan Tribe & Nation v. Orange County*, 395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original). Thus, absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also extends to suits against state officers in their official capacities. *See id.* at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)); *McNamara v. Kaye*, No. 06-CV-5169 (DLI)(CLP), 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and lawsuits against state courts are considered to be lawsuits against the state.").[6]

2. Application

Here, New York State and the Division of Parole are entitled to immunity. New York State has not waived its immunity and there has been no statutory waiver. *See, e.g.*, *Marmot v. Bd. of Regents*, 367 F.

---

[6] A narrow exception to this rule exists for official-capacity suits against state officers seeking prospective injunctive relief. *See Will*, 491 U.S. at 71 n.10. Even liberally construing plaintiff's Second Amended Complaint, there is no request for prospective injunctive relief.

5

App'x 191, 192 (2d Cir. 2010) ("It is well-established that New York has not consented to § 1983 suits in federal court . . . ."). Moreover, the Division of Parole is a state agency entitled to Eleventh Amendment immunity. *See Chapman v. New York*, No. 11-CV-1814 (ENV)(LB), 2011 WL 4244209, at *2 (E.D.N.Y Sept. 14, 2011) (dismissing claims against New York and New York State Division of Parole on Eleventh Amendment immunity grounds) (citing *McCloud v. Jackson*, 4 Fed. App'x 7, 10 (2d Cir. 2001)). Accordingly, New York State and the Division of Parole are entitled to Eleventh Amendment immunity, and the claims against them must be dismissed.

Moreover, plaintiff's Second Amended Complaint does not indicate whether he is suing Hubbard in her official or individual capacity. However, to the extent that plaintiff is suing Hubbard in her official capacity, the Second Amended Complaint must be dismissed because Hubbard is also entitled to Eleventh Amendment immunity. *See Will*, 491 U.S. at 71.

### B. Qualified Immunity

#### 1. Applicable Law

Government actors may be shielded from liability for civil damages by qualified immunity, i.e., if their "conduct did not violate plaintiff's clearly established rights, or if it would have been objectively reasonable for the official to believe that his conduct did not violate plaintiff's rights." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003); *see also Fielding v. Tollaksen*, 257 F. App'x 400, 401 (2d Cir. 2007*)* ("The police officers, in turn, are protected by qualified immunity if their actions do not violate clearly established law, or it was objectively reasonable for them to believe that their actions did not violate the law."). As the Second Circuit has also noted, "[t]his doctrine is said to be justified in part by the risk that the 'fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.'" *McClellan v. Smith*, 439 F.3d 137, 147 (2d Cir. 2006) (quoting *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999)). Thus, qualified immunity, just like absolute immunity, is not merely a defense, but rather is also "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Accordingly, the availability of qualified immunity should similarly be decided by a court "[a]t the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).

Nonetheless, the Second Circuit has emphasized that "a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *see also McCray v. City of New York*, Nos. 03-CV-9685, 03-CV-9974, 03-CV-10080, 2007 WL 4352748, at *18, 2007 U.S. Dist. LEXIS 90875, at *66 (S.D.N.Y. Dec. 11, 2007) ("A defendant asserting a qualified immunity defense at the 12(b)(6) stage . . . faces a formidable hurdle. Because the evidence supporting a finding of qualified immunity is normally adduced during the discovery process and at trial, the defense of qualified immunity [usually] cannot support the grant of a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim upon which relief can be granted." (internal citations and quotation marks omitted)). In particular, the facts supporting the defense must be clear from the face of the complaint. In addition, in such situations, "plaintiff is entitled to all reasonable inferences from the

facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *Id*.

### 2. Application

In this case, despite the more stringent standard on a motion to dismiss, Hubbard is entitled to qualified immunity. Here, it was objectively reasonable for Hubbard to believe that her actions did not violate the law. *See Mandell*, 316 F.3d, at 385. Construing plaintiff's Second Amended complaint liberally, plaintiff's allegations against Hubbard appear to be that she did not investigate Jennette's claims prior to reporting the violations of his parole and that because of Hubbard's actions, plaintiff's parole was revoked. (*See* SAC at 4.) First, all of the charges as they related to Jennette's claims were withdrawn. (Pack Affidavit, Ex. 4.) Thus, the charges relating to Jennette were not the basis for the revocation of plaintiff's parole. Moreover, there is no allegation that Hubbard had any reason to doubt the information provided by Jennette. Therefore, it was objectively reasonable for Hubbard to initiate the charges that plaintiff violated his parole. Accordingly, Hubbard is entitled to qualified immunity.

## C. Failure to State a Section 1983 Claim

The New York State defendants argue that, even if they were not entitled to immunity, plaintiff has still failed to allege a claim pursuant to Section 1983. For the reasons set forth below, this Court agrees.

### 1. New York State Defendants

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

Plaintiff's Second Amended Complaint alleges that Hubbard did not research the charges against plaintiff, and released confidential information to Jennette. (SAC at 4.) However, plaintiff's Second Amended Complaint is completely devoid of any indication of what false charges were made and what medical information was released. Moreover, even construing plaintiff's allegations as true, plaintiff has not indicated, and it is unclear, which "[r]ights, privileges, or immunities secured by the Constitution and its laws" were violated by the New York State defendants.[7] Accordingly, plaintiff has failed to set forth a Section 1983 claim against the New York State defendants.

### 2. Jennette

To the extent plaintiff has alleged a Section 1983 claim against Jennette, the Court *sua sponte* dismisses plaintiff's claim.

---

[7] In the Pack Affidavit, Assistant Attorney General Lori Pack argues that "[O]nly four of the eight charges against the Plaintiff related to Margaret Jennette, and those charges were dropped, so any claim related to false arrest must fail as Plaintiff would have been arrested on the parole warrant regardless of whether the incidents relating to Margaret Jennette were included." (Pack Affidavit, ¶ 6.) The Court agrees. Not only does the Court find that plaintiff has not pleaded a cognizable claim for false arrest, but, as discusses *supra*, the New York State defendants are immune from suit. Accordingly, to the extent plaintiff has pleaded a claim for false arrest against the New York State defendants, that claim must be dismissed.

It is axiomatic that private citizens and entities are not generally subject to Section 1983 liability. To demonstrate that a private party defendant was a state actor engaged in a conspiracy with other state actors under § 1983, a plaintiff must allege: (1) an agreement between the private party and state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in furtherance of the goal. *See Carmody v. City of New York*, No. 05-CV-8084 (HB), 2006 WL 1283125, at *5 (S.D.N.Y. May 11, 2006) (citing *Ciambriello*, 292 F.3d at 324-24). Vague and conclusory allegations that defendants have engaged in a conspiracy to violate plaintiff's constitutional rights must be dismissed. *See Ciambriello*, 292 F.3d at 325 (dismissing conspiracy allegations where they were found "strictly conclusory"); *see also Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983." (citing *Ciambriello*)); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Green v. Bartek*, No. 3:05-CV-1851, 2007 WL 4322780, at *3 (D. Conn. Dec. 7, 2007) ("The Second Circuit has consistently held that a claim of conspiracy to violate civil rights requires more than general allegations.").

Here, plaintiff has not alleged that Jennette is a state actor. It is clear that Jennette is a private citizen who customarily would not be subject to liability under Section 1983. Moreover, plaintiff has failed to make any allegation that Jennette conspired with state actors in order to deprive plaintiff of his constitutional rights. Accordingly, to the extent plaintiff has alleged a Section 1983 claim against Jennette, the Court *sua sponte* dismisses plaintiff's claim.

### D. Common Law Defamation

Construing plaintiff's Second Amended Complaint liberally, plaintiff also presents a state common law claim for defamation. However, having determined that plaintiff's federal claims against the New York State defendants do not survive the New York State defendants' motion to dismiss and dismissing the Section 1983 claim against Jennette *sua sponte*, the Court concludes that retaining jurisdiction over any state law claim is unwarranted. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) *aff'd*, 551 F.3d 122 (2d Cir. 2008) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Therefore, in the instant case, the Court, in its discretion, "'decline[s] to exercise supplemental jurisdiction'" over plaintiff's state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*,

No. 99 Civ. 3608 (WK), 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court."). Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over plaintiff's remaining state law claims for defamation given the absence of any federal claims that survive the motion to dismiss and dismisses any such claims without prejudice.

### IV. LEAVE TO REPLEAD

The Second Circuit has emphasized that

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, leave to re-plead can be denied where it is clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

Here, the Court has determined that the New York State defendants are immune from suit. Additionally, as Jennette is not a state actor and there is no indication of a plausible conspiracy claim, she cannot be liable to plaintiff under Section 1983. Accordingly, granting plaintiff leave to re-plead would be futile. Moreover, this is plaintiff's Second Amended Complaint and he has still failed to allege a plausible Section 1983 claim against the defendants. In addition, plaintiff has been given multiple opportunities to file an opposition to the New York State defendants' motion to dismiss and he has failed to do so. Thus, given that the New York State defendants are immune from suit, Jennette is not a state actor and plaintiff has failed on several occasions to submit opposition to the New York State defendants' motion to dismiss, leave to re-plead plaintiff's Section 1983 claim is unwarranted.

### VI. CONCLUSION

For the foregoing reasons, the New York State defendants' motion to dismiss plaintiff's federal claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is granted and plaintiff's federal claim is dismissed with prejudice. In addition, for the reasons stated *supra*, the Court *sua sponte* dismisses the federal claim against Jennette with prejudice. The Court declines to exercise supplemental jurisdiction over the state law claims and dismisses those claims without prejudice. Therefore, the Second Amended Complaint is dismissed in its entirety. The Clerk of the

Court shall enter judgment accordingly and close the case. The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 6, 2012
Central Islip, NY

\* \* \*

Plaintiff is representing himself *pro se*. Defendants New York State, New York Division of Parole and Parole Officer Hubbard are being represented by Lori L. Pack of the office of the New York State Attorney General, 300 Motor Parkway, Suite 205, Hauppauge, NY 11788.